Andrew G. Watters
555 Twin Dolphin Dr., Ste. 135
Redwood City, CA 94065
andrew@andrewwatters.com
+1 (415) 261-8527

Pro Per

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LADY BENJAMIN CANNON,

Plaintiff,

v.

SAN FRANCISCO POLICE DEPARTMENT, et al.,

Defendants.

Case no: 22-CV-06778-VC

**DEFENDANT ANDREW WATTERS'S MOTION TO STRIKE EXHIBITS FROM THE DECLARATION OF PLAINTIFF**

[re dkt no. 10]

Rule 12(f)

Date: January 12, 2023
Time: 10:00 a.m.
Place: Zoom

Judge Vince Chhabria

## MOTION

Pursuant to Rule 12(f), Defendant Andrew Watters moves to strike the exhibits from Plaintiff's declaration in opposition [dkt no. 10] to Defendant's ex parte application for guardian ad litem, on the ground that they are immaterial, impertinent, and/or scandalous matter.

Date: November 20, 2022

Andrew G. Watters

Andrew G. Watters

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. A Motion to Strike is Proper for Immaterial, Impertinent, and/or Scandalous Matter

In addition to moving to dismiss a claim or seeking a judgment on the pleadings, litigants may move to only strike specific material included in the other party's pleadings. Under Rule 12(f), motions to strike are limited to addressing "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Because "the Court must view the pleadings in a light most favorable to the pleading party," a 12(f) motion to strike will rarely be granted. *In re 2TheMart.com, Inc. Securities Litigation*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000). Denying a motion to strike in In re 2TheMart.com, Judge Carter described the heavy burden facing the movant:

"Immaterial" means that the matter has no bearing on the controversy before the court. . . . If there is any doubt as to whether the allegations might be an issue in the action, courts

will deny the motion. . . . "Impertinent" has been defined as allegations that are not responsive or irrelevant to the issues that arise in the action and which are inadmissible as evidence. *Id.* (emphasis added).

The difficulty in demonstrating that language in a pleading is "scandalous" and must be stricken is similarly great. *In Skadegaard v. Farrell*, 578 F.Supp. 1209 (D.N.J. 1984), the plaintiff stated that her supervisors participated in a retaliatory conspiracy after she rejected one supervisor's sexual advances. *Id.* at 1211. In Paragraph 55 of her complaint, plaintiff wrote that two of the defendants "attempted to suborn perjury from witnesses . . . done in furtherance of defendants' conspiracy." *Id.* at 1221. Judge Ackerman then discussed and denied defendants' motion to strike that language:

> Defendant argues that paragraph 55 is scandalous in that it "improperly and excessively impugn[s] his moral character" without factual basis. Scandalous pleading for purposes of Rule 12(f) must "reflect cruelly" upon the defendant's moral character, use "repulsive language" or "detract from the dignity of the court." . . . I do not believe that paragraph 55 should be stricken under this standard. To be scandalous such "degrading charges [must] be irrelevant, or, if relevant, [must be] gone into in unnecessary detail . . . ." . . . I find paragraph 55 to be neither unnecessarily derogatory nor irrelevant to charges alleged by plaintiff in this action.

*Id.*

Here, the heavy burden of a Rule 12(f) motion is met. Rather than respond directly to Defendant's evidence, or even explain or deny any aspect of it, Plaintiff has resorted to annotating screenshots of some of Defendant's legal work and raising other issues that have nothing to do with this proceeding. Plaintiff has not even separated the exhibits,

apparently expecting the Court to sift through more than 20 pages of jumbled documents.

As to pages 5-14, these are screenshots of self-prepared materials that a different disgruntled litigant in one of Defendant's cases has posted numerous times to Defendant's Yelp business page (the posts are routinely removed for violations of Yelp's photo policies). Whether Plaintiff, whom Defendant has provided evidence is incompetent, ever complained to the State Bar about Defendant has nothing to do with her claims in this matter. Nor is Defendant's other litigation history or the outcomes of his cases relevant to Plaintiff's claims against Defendant.

As to pages 15-17, these are extracted pages from other lawsuits Defendant has been involved in. Again, these cases have nothing to do with Plaintiff's claims against Defendant or any other issue in this action.

As to pages 18-19, Defendant's effort to serve his native San Mateo County in a brief, aborted Congressional run has absolutely nothing to do with this case.

As to page 20, this is a screenshot of Plaintiff's own filing in her state court case with Defendant.

As to page 21, this is a screenshot of Defendant's challenge to an attorney fee arbitration, not involving Plaintiff.

As to page 22, this was extracted from a Court of Appeal decision in which Defendant's first-year attorney letters from 2006 resulted in monetary sanctions against his client in a divorce matter, based on communications that occurred sixteen years ago.

Pages 23-25 are extracted from Watters's unsuccessful effort to appeal his non-selection from the FBI thirteen years ago in 2009. The materials do not in any way establish Plaintiff's claim in her declaration that Defendant is addicted to drugs or a criminal, neither of which is true in any case.

Plaintiff's sole purpose in attaching these irrelevant, scandalous materials is to embarrass Defendant in this Court. The Rule 12(f) standard is met, and Defendant asks for the exhibits to be stricken.

Date: November 20, 2022

Andrew G. Watters

Andrew G. Watters

**DECLARATION OF ANDREW WATTERS**

I, Andrew G. Watters, declare:

1. I am an individual above the age of 18 years of age and a Defendant in this case. I have personal knowledge of the following facts and if called as a witness, I would and could competently attest to the truth of these facts.

2. This concerns Plaintiff's response to my ex parte application for a guardian ad litem for her.

3. As to pages 5-14, these are screenshots of self-prepared materials that a different disgruntled litigant in one of Defendant's cases has posted numerous times to my Yelp business page (the posts are routinely removed for violations of Yelp's photo policies).

4. As to pages 15-17, these are extracted pages from other lawsuits I have been involved in. Again, these cases have

nothing to do with Plaintiff's claims against Defendant or any other issue in this action.

5. As to pages 18-19, my effort to serve my native San Mateo County in a brief, aborted Congressional run has absolutely nothing to do with this case.

6. As to page 20, this is a screenshot of Plaintiff's own filing in her state court case with me.

7. As to page 21, this is a screenshot of my challenge to an attorney fee arbitration in 2020, not involving Plaintiff.

8. As to page 22, this was extracted from a Court of Appeal decision in which my first-year attorney letters from 2006 resulted in monetary sanctions against my client in a divorce matter, based on communications that occurred sixteen years ago.

9. Pages 23-25 are extracted from my unsuccessful effort to appeal my non-selection from the FBI in 2009. The materials do not in any way establish Plaintiff's claim in her declaration that I am addicted to drugs or a criminal, neither of which is true in any case. I tried to serve our country in the way I thought was best for me and our nation, and I did not succeed in doing so due to the issues stated in my prior case challenging the decision back in 2012.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 20, 2022

Andrew G. Watters

Andrew G. Watters