# EXHIBITS



**SUPERIOR COURT OF SAN MATEO COUNTY**

400 County Center          1050 Mission Road
Redwood City, CA 94063     South San Francisco, CA 94080
www.sanmateocourt.org

### Minute Order

**ERIC S ACOSTA vs. JENNIFER J. ACOSTA**

20-FAM-01243
10/12/2021 1:30 PM
Request for Order
**Hearing Result**: Held

**Judicial Officer**: Holt, Rachel E.            **Location**: Courtroom 7D
**Courtroom Clerk**: Briana Barrow              **Courtroom Reporter**: Esther Chun

**Parties Present**
ACOSTA, ERIC S              Petitioner
ACOSTA, JENNIFER J.         Respondent
WATTERS, ANDREW G.          Attorney

**Minutes**
*Journals*
- Above-noted counsel and parties, present via Zoom.

Counsel presents arguments to the Court.

Court awards 2030 fees to Respondent.

Petitioner to pay Respondent $50,000 within 45 days.

Court will consider this order in relation to request for attorney fees in the Domestic Violence matter.

Andrea Valim shall prepare formal order consistent with order herein.

*Case Events*
- Party appeared by audio and/or video. Attorney: WATTERS, ANDREW G.; Petitioner: ACOSTA, ERIC S;
Respondent: ACOSTA, JENNIFER J.; Andrea Valim for Respondent.

**Future Hearings and Vacated Hearings**
October 12, 2021 1:30 PM Request for Order RE: Attorney Fees and Costs
Holt, Rachel E.
Courtroom 7D
Chun, Esther
Barrow, Briana

November 05, 2021 1:30 PM To Set
Holt, Rachel E.

# IN RE: the Marriage of JILL L. DAVENPORT and KENNETH L. DAVENPORT.



🖨 Print                                          Font size:   A   A   Reset

## Court of Appeal, First District, California.

IN RE: the Marriage of JILL L. DAVENPORT and KENNETH L. DAVENPORT. JILL L. DAVENPORT, Appellant, v. KENNETH L. DAVENPORT, Respondent.

A126181

**Decided: May 04, 2011**

Attorney for Appellant:  O'Brien Watters & Davis, Michael G. Watters, Deirdre Taber Kingsbury, Diane A. Singleton, Joseph A. Piasta II Attorneys for Respondent:  Perry, Johnson, Anderson, Miller & Moskowitz, John E. Johnson, Deborah S. Bull

Appellant Jill Davenport and respondent Ken Davenport were married in 1948, a marriage that would produce three daughters and a vast estate.   Jill [1] and Ken separated in 1990, and in 2006 Jill filed a petition for dissolution.   The petition was filed by a long-established Sonoma county law firm, signed by an experienced lawyer there.   Early on, a young and inexperienced attorney at that firm became Jill's primary attorney, and interacted with Ken's attorneys for the next two years, interactions that would generate a 35-page register of actions and 19 volumes of court files.

In May 2008 Jill filed a motion under Family Code section 271 [2] seeking $600,861 in attorney fees and $332,933 in costs. Ken responded with a section 271 request of his own, and the cross-motions were heard over a five-day period by the Honorable Cerena Wong, an experienced family law judge who had been handling the matter for well over a year. Following extensive post hearing submissions, Judge Wong issued a 31-page decision that denied Jill's request and granted Ken's, awarding him $100,000 in sanctions and $304,387 in attorney's fees.

Jill appeals, asserting procedural and substantive arguments, the former essentially contending that Judge Wong ignored the law, including the law of evidence, and the latter essentially contending there is no substantial evidence supporting

**Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.**

**Date:**                                                                 **Amount paid:**

**What is your connection with the attorney? Explain briefly.**

i am a pro per party, the attorney represents the other party.

**Statement of Complaint**

**Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you hired the attorney(s), state what you hired the attorney(s) to do. Additional information may be requested.**

Mr. Watters claims to have filed a restraining order against the complainant, but refuse the serve the complainant a copy of the restraining order. When the complainant contacted Mr. Watters about the case after complainant filed a motion to quash for non-service, Mr. Watters threatened to report the complainant to the start bar and the police for violations of the un-serve restraining order, if the complainant does not withdraw a pending motion to quash service of complaint and summon. Making false statements and threatening criminal and disciplinary action to gain unfair violate the ethics rules e.g., Rule 5-100. Despite the threat, Mr. Watters continues to refuse to serve a copy of the court papers on Complainant.

## Related Court Case Information

| | |
|---|---|
| **Court name:**   san mateo | **Case name:**   chen v. Liu |
| **Case number:**   22-FAM-00119 | **Approx. date case was filed:**   1/24/2022 |

**Size of law firm complained about**      1 Attorney

**If you are not a party to this case, what is your connection with it? Explain briefly.**

## Attachments

☐  **No files attached**

- 2 Gmail - Yifen Chen.pdf
- Gmail - Yifen Chen.pdf



The State Bar *of California*

## Attorney Misconduct Complaint

Date: 2/16/2022

○ Yes   ⊙ No

Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.

Date:                                          Amount paid:

**What is your connection with the attorney? Explain briefly.**

Attorney watters represents a disgruntled ex-girlfriend of the complainant.

**Statement of Complaint**

**Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them, Do not include opinions or arguments. If you hired the attorney(s). state what you hired the attorney(s) to do. Additional information may be requested.**

after his client obtained an ex parte Temporary Restraining Order (TRO) against Complainant (based on perjured statements of battery). Attorney Watters falsely represented to complainant that the TRO prohibits the complainant from ever contacting his client. Attorney Watters then threatened to report Complainant to the police and the state bar for violation of this provision of the TRO. But, after Complainant obtained a copy of the actual court order from the Court, but the TRO never prohibited complainant from contacting his client and in fact allows for peaceful contact. Attorney Watters thus violated Rule 4.1 (Truthfulness in Statements to Others) because he make a false statement of material fact to Complainant.

**Related Court Case Information**

As mentioned above, Judge Wong wrote a 31-page statement of decision that set forth 15 findings setting forth various categories of things that supported section 271 fees and sanctions here, things that frustrated that statute's policy of promoting settlement of litigation and reducing its cost.   Essentially eschewing all reference to those findings, Jill asserts that there is no substantial evidence supporting the sanction award.   Jill is wrong.

Evidence of conduct that increased the cost of litigation included how Andrew Watters dealt with the issue of experts' appraisals, where he contended that Jill would not have obtained independent appraisals of community real properties if Ken had only cooperated and given them his opinion of the property values.   Based on this contention, Jill sought to compel Ken to pay for all of the costs of the appraisals she obtained.   Ken was forced to hire an expert family law attorney, Thomas Wolfrum, to establish that as a matter of good practice Jill should get her own appraisals, a position with which Judge Wong agreed.   In short, Ken was forced to incur substantial attorney's fees to establish the simple proposition that Jill would need to obtain independent appraisals of the properties.

There was also evidence that Andrew Watters violated the mediation privilege in Evidence Code section 1119, which evidence included that his May 23, 2008 declaration attached mediation-related documents, set forth what was done and purportedly said in mediation, and referred to agreements reached in mediation.   Ken, of course, incurred expenses in addressing these improper revelations.

There was also evidence of Andrew Watters' conduct in connection with the sensitive issue regarding the Industry West computer.   Specifically, in late 2007, both counsel had agreed to use Jill's counsel's local computer expert (Kevin Frick) to extract certain information from the Industry West computer, and agreed to protocols relating to that effort.   However, in May 2008—and unbeknownst to Mr. Johnson—Jill's counsel fired Mr. Frick and hired one Tessa Swift.

Search all cases and statutes...

Opinion     Case details

From Casetext: Smarter Legal Research

# Watters v. Mueller

⬇ Download PDF     ⚑ Check Treatment

## Opinion

Case No.: 12-CV-01777-RMW

08-08-2012

ANDREW G. WATTERS, Plaintiff, v. ROBERT S. MUELLER III, in his official capacity; United States Department of Justice; Does 1-10, Defendants.

RONALD M. WHYTE

## ORDER GRANTING MOTION TO DISMISS

Copy with citation

Copy as parenthetical citation

## [Re Dkt No.

Defendants ("the FBI") filed the instant motion against plaintiff Andrew Watters ("plaintiff") to dismiss claims related to the rescission of plaintiff's conditional offer of employment for a Special Agent position with the FBI. The court has heard the arguments of the parties and considered the papers submitted. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

Plaintiff submitted an online application for employment as a special agent with the FBI on December

1   punitive damages and/or why the amount it seeks is an appropriate amount.  Plaintiff also Plaintiff

2   fails to show why Cannon, as opposed to 6x7 Network, should be held liable.

3          Third, Plaintiff's motion is deficient with respect to the request for attorneys' fees.

4   Plaintiff's Counsel, Andrew Watters, seeks $10,000 plus one-sixth of Plaintiff's recovery.

5   Counsel states that his rate of $400 is reasonable, but if he were to obtain one-sixth of the full

6   recovery requested, his actual rate would be much higher.  Counsel fails to demonstrate how his

7   requested fees, taking into account his full recovery (if Plaintiff is able to obtain all its requested

8   damages) would be reasonable.

9          Additionally, the Court has concerns about Counsel's representation of Plaintiff in this

10  matter.  In his declaration, Counsel states that he represented 6x7 Networks in the recent past.

11  (Dkt. No. 23 (Declaration of Andrew Watters), ¶ 9.)  Counsel does not provide the Court with

12  sufficient information about Counsel's past representation of 6x7 Networks to evaluate whether

13  Counsel's current representation of Plaintiff violates California's Rules of Professional

14  Responsibility.  **Andrew Watters suing own former client, per Judge Kim, is a problem.**

15          Therefore, the Court RECOMMENDS that the motion for default judgment be DENIED.

16          A party may serve and file specific written objections to this recommendation within

17  fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b);

18  N.D. Civil L.R. 72-3.

19          **IT IS SO ORDERED**.

20  Dated: September 20, 2021

21

22                                    SALLIE KIM
                                     United States Magistrate Judge
23

24

25

*United States District Court*
*Northern District of California*



The State Bar *of California*

## Attorney Misconduct Complaint

**Date:** 6/29/2022

○ Yes    ⊙ No

Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.

**Date:**    **Amount paid:**

What is your connection with the attorney? Explain briefly.

I have been observing a case filed by this attorney against his former client

**Statement of Complaint**

Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you hired the attorney(s), state what you hired the attorney(s) to do. Additional information may be requested.

Attorney Andrew Watters engaged 6x7 Networks, LLC as a legal service client, obtained confidential information from that representation and later sued 6x7 Networks, LLC on behalf of another client of this same attorney. A federal judge has already concluded that Attorney Andrew Watters may have committed professional misconduct.

## Related Court Case Information

**Court name:** Northern District of CA    **Case name:** EDJX, Inc. v. 6x7 Networks, LLC et al

**Case number:** 3:21-cv-02398    **Approx. date case was filed:** 4/2/2021

**Size of law firm complained about** 2-10 Attorneys

If you are not a party to this case, what is your connection with it? Explain briefly.

## Attachments

☐ No files attached



Andrew G. Watters
118 South Blvd.
San Mateo, CA 94402
+1 (415) 261-8527
andrew@andrewwatters.com

Pro Per

**FILED**

San Francisco County Superior Court

AUG 1 0 2020

CLERK OF THE COURT

BY: _____
Deputy Clerk

BY FAX

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

ANDREW G. WATTERS,

    Plaintiff,

    v.

HAI LE, an individual;
DOES 1 through 10,

    Defendants.

Case no.: **CGC-20-585870**

COMPLAINT

(1) Defamation Per Se
(2) Defamation Per Quod
(3) Trade Libel
(4) Declaratory Relief

UNLIMITED CIVIL

**Andrew watters sues his own client, because the client left him a bad yelp review.**

COMPLAINT

---

Plaintiff Andrew G. Watters ("Plaintiff" or "Watters") complains against the defendant, Hai Le ("Defendant" or "Le") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.  Plaintiff Andrew G. Watters is an attorney licensed to practice law in the State of California (#237990).  His offices are located in San Mateo, California.

2.  The defendant, Hai Le, is a resident of the City and County of San Francisco.  The legal services which are the subject of the review at issue in this action were venued in the City and County of San Francisco.  The amount in controversy exceeds $25,000 and the action includes a cause for declaratory relief, therefore this matter is Unlimited Civil.

**GENERAL ALLEGATIONS**

3.  Watters represented Le from 2017 to 2018 in a dispute between Le and his homeowners association over mistakenly installed hardwood floors (titled Hai Le, Plaintiff v. Kent Borowick; Cathedral Hill Tower Condominium Association, Inc.; and Does 1–10, inclusive, Defendants, San Francisco Superior Court Case No. CGC-17-561300).  The case settled in July 2018, after which time Le chose to represent himself in the matter.

4.  More than a year after the case settled and well after Watters was substituted out as counsel of record, on August 13, 2019 Le posted a defamatory Yelp review regarding Watters's services.  Le has continued to revise this review since its initial posting date.  The review, in its various iterations, is defamatory, containing false statements of fact and opinions based on false statements of fact.

COMPLAINT

1

Reply-To: "The State Bar of California" <complaint@calbar.ca.gov>



The State Bar *of California*

Dear **Lady Benjamin Cannon,**

**Attorney Misconduct Complaint - SUCCESSFUL SUBMISSION**

You have successfully submitted your Attorney Misconduct Complaint to the State Bar of California. Please keep a record of your reference number:

**191321**

While the complaint is being processed, you may sign in with your reference number to print and download the complaint or add additional documents to your complaint. Please fill in your name as it is shown in this email.

Please do not reply to this message. This is an automated notification, and replies are unmonitored. If you need any assistance, please do not hesitate to contact us at 800-843-9053.

Thank you.

Office of Chief Trial Counsel

The State Bar of California | 845 S. Figueroa Street | Los Angeles, CA 90017

800-843-9053

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
- [x] Breach of Contract
- [ ] Common Counts
- [ ] Other *(specify):*

9. [ ] Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
- a. [x] damages of: $38,924.95
- b. [x] interest on the damages
  - (1) [ ] according to proof
  - (2) [x] at the rate of *(specify):* 10    percent per year from *(date):* April 26, 2022
- c. [ ] attorney's fees
  - (1) [ ] of: $
  - (2) [ ] according to proof.
- d. [ ] other *(specify):*

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: August 19, 2022

Andrew G. Watters

(TYPE OR PRINT NAME)

▶ *Andrew G. Watters*

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]      **COMPLAINT—Contract**      Page 2 of 2

---

**Andrew Watters sues his client for $38924.95.**

| | |
|---|---|
| SHORT TITLE: Watters v. Forrester | CASE NUMBER: 22-CIV-03486 |

PLD-C-001(1)

First     **CAUSE OF ACTION—Breach of Contract**

(number)

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* Andrew G. Watters

alleges that on or about *(date):* March 11, 2021
a [✓] written [ ] oral [ ] other *(specify):*
agreement was made between *(name parties to agreement):*
Andrew G. Watters and Jason Forrester
- [ ] A copy of the agreement is attached as Exhibit A, or
- [✓] The essential terms of the agreement [ ] are stated in Attachment BC-1 [✓] are as follows *(specify):*

Mr. Watters was to provide legal services in exchange for monetary compensation by Mr. Forrester.

BC-2. On or about *(dates):* April 26, 2022
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [✓] the following acts *(specify):*

Refusing to pay for agreed upon services and completed work.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
- [ ] as stated in Attachment BC-4 [✓] as follows *(specify):*
$38,924.95 in money owed for agreed upon services and completed work.

BC-5. [ ] Plaintiff is entitled to attorney fees by an agreement or a statute



Andrew G. Watters
555 Twin Dolphin Dr., Ste. 300
Redwood City, CA 94065
andrew@andrewwatters.com
+1 (415) 261-8527

Plaintiff

FILED
SAN MATEO COUNTY

MAR 1 5 2019

Clerk of the Superior Court
By
DEPUTY CLERK

File By Fax

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

ANDREW G. WATTERS,

    Plaintiff,

v.

WILLIAM J. LONERO;
BLINK CREATIVE AGENCY, a general
partnership; DOES 1-10,

    Defendants.

Case no.  19 C I V 0 1 5 2 2

COMPLAINT

1. Partnership Dissolution
2. Breach of Fiduciary Duty
3. Breach of Contract
4. Breach of the Implied
   Covenant of Good Faith and
   Fair Dealing
5. Breach of Contract
6. Declaratory Relief

**Andrew Watters sues his business partner.**

19 - CIV - 01522
CMP
Complaint
1709890

COMPLAINT

## INTRODUCTION

1.   The purpose of this action is to (1) rectify what is at a minimum gross mismanagement of the parties' partnership, which owns and operates a local photography studio in Santa Clara; (2) obtain Defendant's performance of a separate contract between the parties for the delivery of the DOOM album; (3) rescind a further contract between the parties for a subsequent album called Future Warrior/Future Warrior II; and (4) establish the parties' rights and duties in connection with additional creative



Andrew Watters
801 N. Humboldt St. #208
San Mateo, CA 94401
(415) 261-8527
andrew@andrewwatters.com

In pro per

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN MATEO**

ANDREW WATTERS          No. CIV538295

   Plaintiff,        COMPLAINT

v.                      1. FRAUD

ANNA KIHAGI; JULIE NONG;   2. BREACH OF CONTRACT
DOES 1-10,
                        3. B&P 17200
   Defendants.

FILED
SAN MATEO COUNTY
APR 21 2016
Clerk of the Superior Court
By
DEPUTY CLERK

Watters sues another client of his
for work done at $90 an hour.

COMPLAINT

---

**INTRODUCTION**

1.  The purpose of this action is to rectify the bilking of
a local attorney by a sophisticated real estate developer.

2.  Essentially, the developer and her attorney hired
Plaintiff to perform contract attorney services on an emergency
basis at a bargain basement rate; encouraged Plaintiff to spend
time on the case; and then refused to pay the bill.  Plaintiff
soon discovered that the Defendants never intended to pay for
Plaintiff's services.  This action followed.

**SUBJECT MATTER JURISDICTION**

3.  The Court has subject matter jurisdiction because the
action seeks non-monetary relief, namely a permanent injunction,
as well as punitive damages.

**PERSONAL JURISDICTION**

4.  The Court has personal jurisdiction over the
Plaintiffs, who are residents of California, as well as the
Defendants, who are residents of California.



An official website of the United States government.

**Federal Election Commission**
UNITED STATES *of* AMERICA

Calendar    📖 Glossary

Campaign finance data ▼    Help for candidates and committees ▼    Legal resources ▼    About ▼

Home ›  Campaign finance data ›  Committee profiles ›  ANDREW WATTERS FOR CON...

# ANDREW WATTERS FOR CONGRESS

● ACTIVE - QUARTERLY  |  HOUSE - PRINCIPAL CAMPAIGN COMMITTEE  |  ID: C00795849  |  REGISTRATION DATE: NOVEMBER 29, 2021  |

**FINANCIAL SUMMARY**

Total raised
Total spent
Cash summary

ABOUT THIS COMMITTEE

RAISING

SPENDING

FILINGS

**WATTERS, ANDREW G.**
Authorizing candidate

## Financial summary

**TWO-YEAR PERIOD**

| 2021–2022 ▼ |

### Total raised

[📄 Browse receipts]

Coverage dates: 11/16/2021 to 12/31/2021

| | |
|---|---|
| TOTAL RECEIPTS ⓘ | $10,000.00 |
| TOTAL CONTRIBUTIONS | $0.00 |
| Total individual contributions | $0.00 |
| Itemized individual contributions | $0.00 |
| Unitemized individual contributions | $0.00 |
| Party committee contributions | $0.00 |
| Other committee contributions | $0.00 |
| Candidate contributions | $0.00 |
| TRANSFERS FROM OTHER AUTHORIZED COMMITTEES | $0.00 |
| TOTAL LOANS RECEIVED | $10,000.00 |
| Loans made by candidate | $10,000.00 |
| Other loans | $0.00 |
| OFFSETS TO OPERATING EXPENDITURES | $0.00 |
| OTHER RECEIPTS | $0.00 |

*Newly filed summary data may not appear for up to 48 hours.*

**Not a single person donated a single dollar to Andrew Watters' failed run for congress.**

### Total spent

[📄 Browse disbursements]

Coverage dates: 11/16/2021 to 12/31/2021

| | |
|---|---|
| TOTAL DISBURSEMENTS ⓘ | $0.00 |
| OPERATING EXPENDITURES ⓘ | $0.00 |
| TRANSFERS TO OTHER AUTHORIZED COMMITTEES | $0.00 |
| TOTAL CONTRIBUTION REFUNDS | $0.00 |
| Individual refunds | $0.00 |
| Political party refunds | $0.00 |
| Other committee refunds | $0.00 |
| TOTAL LOAN REPAYMENTS | $0.00 |
| Candidate loan repayments | $0.00 |
| Other loan repayments | $0.00 |
| OTHER DISBURSEMENTS | $0.00 |

*Newly filed summary data may not appear for up to 48 hours.*

### Cash summary

Coverage dates: 11/16/2021 to 12/31/2021

| | |
|---|---|
| BEGINNING CASH ON HAND | $0.00 |
| ENDING CASH ON HAND ⓘ | $10,000.00 |
| DEBTS/LOANS OWED TO COMMITTEE | $0.00 |
| DEBTS/LOANS OWED BY COMMITTEE | $10,000.00 |

*Newly filed summary data may not appear for up to 48 hours.*

About    Privacy and security policy    Open government    OpenFEC API    Feedback

Andrew Watters (Democratic Party) ran for election to the U.S. House to represent California's 15th Congressional District. He lost in the primary on June 7, 2022.

## Biography

Andrew Watters earned a bachelor's degree from the University of California at Los Angeles. Watters' career experience includes owning multiple businesses and working as a lawyer.[1][2]

## Elections

### 2022

*See also: California's 15th Congressional District election, 2022*

#### General election

*The candidate list in this election may not be complete.*

General election for U.S. House California District 15

David Canepa and Kevin Mullin are running in the general election for U.S. House California District 15 on November 8, 2022.

| | Candidate |
|---|---|
| | David Canepa (D) |
| | Kevin Mullin (D) |

BP  There are no incumbents in this race.
𝒞 = candidate completed the Ballotpedia Candidate Connection survey.
Do you want a spreadsheet of this type of data? Contact our sales team.

#### Nonpartisan primary election

Nonpartisan primary for U.S. House California District 15

The following candidates ran in the primary for U.S. House California District 15 on June 7, 2022.





Andrew Watters

Democratic Party

**Elections and appointments**

Last election    June 7, 2022

**Education**

Bachelor's    University of California, Los Angeles

**Personal**

Profession    Business executive

**Contact**

Campaign website
Personal website
Personal LinkedIn

| Candidate | % | Votes |
|---|---|---|
| ✓ Kevin Mullin (D) | 41.7 | 46,462 |
| ✓ David Canepa (D) | 23.9 | 26,594 |
| Gus Mattammal (R) 𝒞 | 16.6 | 18,539 |
| Emily Beach (D) | 14.0 | 15,653 |
| Jim Garrity (Independent) | 2.1 | 2,375 |
| Andrew Watters (D) | 1.1 | 1,243 |
| Ferenc Pataki (Independent) 𝒞 | 0.5 | 561 |

**Watters NAILED his running for congress by receiving a whopping 1.1% of the total votes. CONGRATS!!!**

BP  There were no incumbents in this race. Source

Total votes: 111,427
(79.00% precincts reporting)

𝒞 = candidate completed the Ballotpedia Candidate Connection survey.
Do you want a spreadsheet of this type of data? Contact our sales team.

#### Withdrawn or disqualified candidates

- David Brandt (Independent)



16  LADY BENJAMIN CANNON
17                              Defendants.
18
19                                          CV22 02476
20                                          ∠ AGT
21
22
23
24
25
26
27
28

NOTICE OF REMOVAL OF ACTION BY DEFENDANT LADY BENJAMIN CANNON

---

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:
2        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and
3   1446, Defendant Lady Benjamin Cannon hereby removes this civil action from the
    Superior Court of California for the County of San Francisco, where it is currently
    pending as Case No. CGC-21-590125, to the United States District Court for the
    Central District of California, Western Division.
1        This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)
2   on the grounds that complete diversity exists between all parties and the amount in
3   controversy exceeds the sum of $75,000, exclusive of interest and costs. This case is
    substantially identical to, and arises out of the same allegations as, another case
    already filed by Plaintiff against the same Defendant.
4   Lady Benjamin Cannon, is currently a resident of the City of San Francisco, and is a
    permanent resident, citizen and domiciliary of the State of California.
6                                   BACKGROUND
5        On March 4, 2021, an action was commenced in the Superior Court of the State
    of California in and for the County of San Francisco, entitled *Andrew Watters v*
6   *[deadnaming] Ben Cannon* CGC-20586215.  This action is substantially
    identical to      3:21-cv-02398-MMC.
    Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached
    hereto as
7   **Exhibit 1**.
8        Neither of the Defendants has been served with a copy of the Summons or
9   Complaint.
10       Plaintiff asserts in the Complaint substantially the same transphobic "facts" such
    as accusing Lady Benjamin of being a Fake woman and a Fake telecom
    company.

NOTICE OF REMOVAL OF ACTION BY DEFENDANT LADY BENJAMIN

---

### Court filing in a federal case about Andrew Watters

1   The Court should dismiss both matters on its own motion with prejudice, and should
    declare Watters to be a Vexatious Litigant.
2
    See *In re Marriage of Davenport*, 194 Cal.App.4th 1507 (Cal. Ct. App. 2011)
    and *Watters v. Mueller*, Case No.: 12-CV-01777-RMW (N.D. Cal. Aug. 8,
    2012)
1   .In addition, Watters has seized my mailbox at 5030 3rd st in San Francisco, actually
    "high-fiving" my landlord while he did it, and we would like to ask the Court for an
    order such that my mailbox at 5030 be returned to me by Andrew Watters and my
    landlord Charles Jadallah.  I believe this was done to me so that he could "sewer serve"
    me or otherwise file a fraudulent proof of service.
2                                 GROUNDS FOR REMOVAL
3        As set forth more fully below, this Court has subject matter jurisdiction under
4   28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the
5   matter in controversy exceeds the sum or value of $75,000, exclusive of interest and
6   costs "  This action is substantially identical to      3:21-cv-02398-MMC and should
    be joined.
7   I.        The Amount-In-Controversy Requirement is Satisfied.
8        "In actions seeking declaratory or injunctive relief, it is well established that
9   the amount in controversy is measured by the value of the object of the litigation."
10  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash*
11  *State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). The Ninth Circuit employs
12  the "either viewpoint" test to determine the value of the object of the litigation.
13  *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017). "Under
14  the 'either viewpoint' rule, the test for determining the amount in controversy is the
15  pecuniary result to either party which the judgment would directly produce." *In re*

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify):*

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.
7. This court is the proper court because
   a. ☒ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☒ a defendant lives here now.
   d. ☐ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   ☐ Breach of Contract
   ☐ Common Counts
   ☒ Other *(specify):*
      Rejection of attorney-client arbitration award and request for trial.
9. ☐ Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☐ damages of: $
    b. ☐ interest on the damages
       (1) ☐ according to proof
       (2) ☐ at the rate of *(specify):* _____ percent per year from *(date):*
    c. ☐ attorney's fees
       (1) ☐ of: $
       (2) ☐ according to proof.
    d. ☒ other *(specify):*
       Rejection of arbitration award.
11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: August 31, 2020

Andrew G. Watters

_____          ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)
                    *(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]          **COMPLAINT—Contract**          Page 2 of 2

---

An arbitrator "sanctioned" Andrew Watters $2464.50, because the Arbitrator blieved files of Andrew Watters' client were lost.

CAUSE OF ACTION – REJECTION OF ARBITRATION AWARD

Pursuant to Business and Professions Code sec. 6203(a) et seq., which authorize an attorney to challenge a non-binding arbitration award, Plaintiff rejects the award and challenges the arbitrator's decision.

The arbitrator specifically found that Plaintiff's attorney fees were reasonable and valid. However, he nevertheless sanctioned Plaintiff $2,464.50 due to UPS's loss of a portion of Defendant's client file.

Plaintiff had no control over the UPS delivery, which was a valid means of returning the file. An arbitrator in an attorney-client fee dispute is not empowered to sanction the attorney or award any type of penalties; the sole question submitted to the arbitrator was whether Plaintiff was entitled to his attorney fees or not. The arbitrator found that Plaintiff was entitled to all of his attorney fees. Despite this, he essentially fabricated a basis on which to refund Defendant $2,464.50 and improperly awarded the refund.

As such, the arbitration award sanctioning Plaintiff exceeded the arbitrator's jurisdiction and is legally invalid. In addition, Plaintiff challenges the arbitrator's findings to the extent they purport to justify the arbitrator awarding a $2,464.50 penalty against Plaintiff due to UPS's negligence.

which neither of us have control.

"This is something we can do very simply and with no legal fees or time involved.   If we have to hire attorneys, we will spend what would probably amount to a lot of legal fees and charges.   I look forward to hearing from you as soon as possible.

"Please respond on or before February 10, 2006."

(s/ Jill)

"[V]ery simply and with no legal fees," Jill implored.   It was not to be.

Ken responded on February 7, 2006, indicating he would do his best to comply, but that he would "need to discuss the large cash payment you would like.   This will require some time."   The next thing in the record is Jill's petition for dissolution of marriage, filed days later, on March 1, 2006.   Jill was 75 years old at the time, Ken 78.

The Attorneys

The petition for dissolution was filed by the firm of O'Brien Watters and Davis, LLP, with Michael G. Watters, CSB no. 63140, listed as the individual attorney.   From all indications, Michael Watters played a rather limited role thereafter, as very early on—and at least by May 16, 2006—Andrew G. Watters, CSB no. 237990, entered the picture as counsel. Andrew Watters had become a member of the State Bar only months earlier, in November 2005, and began working at the firm on February 24, 2006.   He met Jill three days later, and from that point on, he said, he met with her on more than 100 occasions over the next two years.   And as he described it under oath, he "personally handled or [was] personally involved in each and every transaction between the parties since the petition was filed, as well as each and every discovery request, discovery event, court proceeding, and other substantive matter."   In short, Andrew Watters became the lead lawyer for Jill in what would necessarily be a complex family law litigation.   And as will be seen, his conduct in the representation of Jill would become a significant issue at the hearing.[3]

Ken was represented over time by three attorneys.   The first was Michael Merrill, CSB No. 40963, of Merrill, Arnone & Jones.   In January 2007, James Benoit, CSB no.   41741—described by Andrew Watters at one point as the "dean of the local Family Law Bar"—substituted in.   Mr. Benoit represented Ken until March 2008, when he was replaced by John E. Johnson, CSB no. 114902, of Perry, Johnson, Anderson, Miller & Moskowitz.   Mr. Johnson was Ken's attorney in the proceeding below, and his firm represents Ken on appeal.

The Judge

The first few matters in the dissolution proceeding were held before the Honorable Gary Nadler, and his involvement is not pertinent here save in one respect: his ruling and admonition in an early (July 20, 2006) motion filed by Jill seeking to compel further responses to form interrogatories.   Granting the motion but denying sanctions, Judge Nadler noted as follows:

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WESTERN REGIONAL OFFICE

ANDREW G. WATTERS,
Appellant,

v.

DEPARTMENT OF JUSTICE,
Agency.

DOCKET NUMBER
SF-3443-09-0996-I-1

DATE: December 18, 2009

Andrew G. Watters, ██████████, pro se.

Patricia A. Miller, Washington, D.C., for the agency.

BEFORE
Richard Slizeski
Administrative Judge

INITIAL DECISION

INTRODUCTION

The appellant appealed the agency's decision not to appoint him to the position of Special Agent. Initial Appeal File (IAF), Tab 1. The appellant requested a hearing. *Id.* The agency has moved to dismiss the appeal for lack of jurisdiction. IAF, Tabs 3, 15, 21. For the reasons discussed below, the agency's motion is GRANTED and the appeal is DISMISSED for lack of Board jurisdiction without a hearing.[1]

---

[1] The agency also moved to dismiss the appeal as untimely. IAF, Tabs 15, 21. A Board appeal must be filed no more than 30 days from the effective date of the action being appealed, or within 30 days of receipt of the agency decision, whichever is later. 5 C.F.R. § 1201.22(b). The agency contends that the appellant was untimely because he

2

ANALYSIS AND FINDINGS

Background

The undisputed record evidence reflects that on or about December 2, 2008 the appellant applied for the position of Special Agent with the Federal Bureau of Investigation (FBI) pursuant to vacancy announcement SA-SF-2009-0001. IAF, Tabs 8, 15. On May 6, 2009, the agency notified the appellant that he was being offered a conditional appointment as an FBI Special Agent. *Id.* The agency advised the appellant that his appointment was contingent upon the existence of a funded vacant position and successful completion of a background investigation, pre-employment polygraph examination, physical examination, urinalysis drug test and physical fitness test. *Id.* By letter dated July 1, 2009, the agency notified the appellant that it was rescinding its conditional appointment offer and was not selecting him for the position. IAF, Tab 1.

Through the Acknowledgment Order I informed the parties that the Board may not have jurisdiction over this appeal and ordered the parties to respond to this matter. IAF, Tab 2. Through this Order, the appellant was informed of his burden of showing the Board has jurisdiction over this appeal and ordered to file evidence and/or argument addressing jurisdiction. *Id.* The agency moved to



# II. STATEMENT OF FACTS

## A. Application Process

Plaintiff submitted an online application for employment as a special agent with the Federal Bureau of Investigation (FBI) on or about December 2, 2008. Compl. ¶ 34. At the preliminary stage of the hiring process, he received passing scores on the Phase I and Phase II portions of the Special Agent Selection System and was offered a conditional appointment as an FBI Special Agent by letter dated May 6, 2009. *Id.* ¶¶ 35-37. This letter informed plaintiff that the appointment was conditional upon several factors, including the successful completion of a background investigation. *See id.* ¶¶ 17-18. Pursuant to the background investigation, plaintiff then submitted Standard Forms 86 and 86-1 (Questionnaire for National Security Positions) and a Security Investigation Personnel Security Interview Form. *Id.* ¶¶ 39-40. In these submissions, plaintiff identified activity in his background which reflected poorly on his character. *See, e.g., id.* ¶ 47 (referencing presence during unlawful activity).[1]

On June 25, 2009, a Special Agent on temporary duty assignment to Special Agent Clearance Unit (SACU) at FBI Headquarters contacted plaintiff via telephone to discuss several statements made by plaintiff on his background investigation forms. *Id.* ¶¶ 45-46. According to plaintiff, the forms "stated the true fact[ that] . . . Plaintiff was 'present' in May 2008 . . . when two friends . . . engaged in a minor unlawful activity." *Id.* ¶ 47. Plaintiff alleges that the Agent subsequently misrepresented their conversation about the matter, specifically regarding the extent of plaintiff's participation in the illegal activity. *Id.* ¶ 48. Plaintiff alleges that as a result of the Agent's report of their conversation, he was found to be unsuitable on the basis of "criminal conduct" and received a rejection letter on July 1, 2009, rescinding the FBI's conditional offer of employment. *Id.* ¶ 50.

Plaintiff here is Andrew Watters

---

[1] In order to protect plaintiff's privacy, defendant is not attaching as exhibits any information from plaintiff's applicant file that describes the "conduct," "unlawful activity," or "incident" referenced in plaintiff's complaint at ¶¶ 45, 47, 48, and 50. If such information would assist the Court in adjudicating this motion, defendant will file such documentation under seal, pursuant to the Court's Local Rules.

8  All acts and ommissions of all defendants was done in bad faith and in knowing

9  violation of state, Federal, and San Francisco law.

10  132.  As such, punative and treble damages also apply

11  THE ATTORNEYS

12  133.  BORNSTIEN represented Jadallah and introduced him into unsavory and criminal

13  contractors and DOES.  It was at his advice that CJ lied to SFPD, and engaged

14  SFPD and SFSO to commit armed assault on LADY by falsely claiming he had

15  evicted her.

16  134.  RILEY represented Jadallah and introduced him into unsavory and criminal

17  contractors and DOES.  It was at his advice that CJ lied to SFPD, and engaged

18  SFPD and SFSO to commit armed assault on LADY by falsely claiming he had

19  evicted her.  Additonally, RILEY threatened to, and indeed did conspire to, and

20  other Defendants did in-fact, place LADY's personal property outside in the

21  January winter weather.  RILEY commemmrated his threat in an e-mail to LADY's

22  attorney sent late Friday afternoon Jnaury 21, 2022, too late for LADY to seek an

23  emergency ex-parte order.  The threat was carried out, and most of LADY's

24  property has been destroyed.

25

26  THE SOON TO BE DISBARRED ATTORNEY

27

28

1

2  135.  WATTERS is a transphobe who is suing LADY for being a fake woman.

3  136.  WATTERS was formerly LADY's lawyer and in-house counsel at her startup

4  company.  After discovering LADY is transgender, WATTERS quit, and promptly

5  sued LADY for being a fake woman.  The District Court has dismissed

6  WATTERS' suit sue esponte.

7  137.  WATTERS also sued the FBI when they did not hire him after he failed a criminal

8  background check[5].

9  138.  The only case law WATTERS ever made was when he was sanctioned by the

10  Appellate court for fraud oppression and malice in re marriage of Davenport[6].

11  THE DISBARRED ATTORNEY

12  139.  WISEBLOOD was disbarred in 2020 for multiple repeated acts of fraud,

13  oppression, malice, and moral turpitude[7].  WISEBLOOD prepared legal documents

14  for CJ, negotiated with opposing counsel for CJ, until opposing counsel determined

15  that he was a disbarred attorney practicing law without a license, a felony, and

16  broke off contact.  WISEBLOOD came up with the idea of removing property from

17  5030 in the first place.  WISEBLOOD conspired with the other Defendants.  As

18  recently as January 25, 2022, WISEBLOOD held himself out on wisebloodlaw.com

19  to be an accomplished and effective Attorney, bragging about the types of cases he

20  actively prosecutes and his track record as an attorney.

21

22

23  [5] https://casetext.com/case/watters-v-mueller (RNJ)
   [6] https://caselaw.findlaw.com/ca-court-of-appeal/1566241.html (RNJ)
24  [7] https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=&ved=2ahUKEwi05bqz
   z4_7AhVlKH0KHaFxBCAQFnoECAoQAQ&url=https%3A%2F%2Ftwitter.com%2Fstatebarca
25  %2Fstatus%2F1255888462143795203%3Flang%3Den&usg=AOvVaw0275zHle3Pgt2DkNZHz
   QJY (RJN)
26

27

28