UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADY BENJAMIN CANNON,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 22-cv-06778-SI<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING AS MOOT DEFENDANT WATTERS'S MOTIONS**<br><br>Re: Dkt. Nos. 6, 12, 13, 18, 19, 21, 32, 33, 34, 35 |

## BACKGROUND

On November 2, 2022, plaintiff filed a complaint against 23 named defendants and 60 unnamed "Doe" defendants concerning what plaintiff alleges was an unlawful eviction, among other acts. Dkt. No. 1. Plaintiff moved to proceed *in forma pauperis*. Dkt. No. 3. On November 7, Magistrate Judge Hixson granted plaintiff's motion to proceed *in forma pauperis* but found that the complaint was deficient pursuant to 28 U.S.C. § 1915(e). Dkt. No. 7. The case was reassigned to the undersigned. Dkt. No. 30.

Plaintiff filed her First Amended Complaint ("FAC") on December 4, 2022. Dkt. No. 20. The Court now screens the FAC pursuant to 28 U.S.C. § 1915(e).

## DISCUSSION

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed *in forma pauperis*, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

Plaintiff brings the FAC against 23 named defendants and 60 unknown "Doe" defendants. Dkt. No. 20 at 2–6. However, plaintiff has voluntarily dismissed her claims against Carlos Jato, Daniel Berko, and the Law Offices of Carlos Jato. Dkt. No. 25. The Court reviews plaintiff's claims against the other parties.

## I.     Rule 8

As a preliminary matter, the Court reminds plaintiff that Rule 8(a)(2) of the Federal Rules of Civil procedure requires that the complaint set forth a "short and plain statement of the claim showing [plaintiff] is entitled to relief" and Rule 8(d)(1) requires that each allegation be "simple, concise, and direct." Judge Hixson's order cautioned plaintiff that she must amend the complaint "so that each cause of action includes (1) all necessary elements to establish the claim and (2) specific factual allegations that connect each defendant with the alleged wrongdoing." Dkt. No. 7 at 3. Plaintiff has failed to do so. Blanket allegations that all defendants assisted the others to perform all alleged violations are not sufficiently specific to place the defendants on notice of the allegations against them.

If plaintiff amends her complaint a second time, she must follow the requirements of Rule 8, or the complaint will again be dismissed. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of a "prolix, confusing complaint" because it "impose[d] unfair burdens on litigants and judges").

## II.    Plaintiff's Claims Under 42 U.S.C. § 1983

### A.     Claims Against Private Actors Under 42 U.S.C. § 1983

Plaintiff's first, second, third, fourth, and fifth claims are brought pursuant to 42 U.S.C. § 1983. Dkt. No. 20 at 29–44. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim

under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or federal law, and (2) that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's § 1983 claims are brought against all the defendants. Dkt. No. 20 at 29–44. However, plaintiff alleges that all defendants are private parties aside from the municipal entities and defendants Maron,[1] Sanford, and Baumgartner. Dkt. No. 20 at 2–6. As explained by Judge Hixson's order, "purely private conduct, no matter how wrongful" does not create liability under section 1983. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Ouzts v. Maryland Nat. Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). Judge Hixson explained that in order to bring claims under § 1983, plaintiff would need to "include allegations establishing that [each defendant was] acting under the color of state law." Dkt. No. 7.

Plaintiff has attempted to remedy this deficiency by listing cases in which private parties were found to be acting under color of law and making the conclusory allegation that all defendants in this case "were acting under the color of state law" by "acting to directly support, assist, and advance the goals of the state actors." Dkt. No. 20 at 16–24; 32. While it is true that private actors can act under color of state law in certain circumstances, plaintiff has not made any factual allegations that support her claim the private defendants acted under color of law. *See Simmons v. Sacramento Cty. Superior Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding conclusory allegations lawyer was conspiring with state official were insufficient).

Because plaintiff has not adequately alleged that the defendants acted under color of state law, plaintiff's first, second, third, fourth, and fifth claims are dismissed as to defendants Jadallah; Provencio; Watters; Wiseblood; McClain; Thompson; Bledsoe, Diestel, Treppa & Crane LLP; Riley; Hain; Ryan Murphy; Kavin Williams; Eviction Defense Collaborative; Friendly Movers; and Does 1–60.

---

[1] Plaintiff alternately spells this defendant's name "Maron" or "Marion." For the sake of consistency, the Court adopts the spelling used in the case caption.

### B. Claims Against Local Government Entities Under 42 U.S.C. § 1983

Of the remaining defendants, three of them – the City and County of San Francisco, the San Francisco Police Department, and the San Francisco Sheriff's Department – are local government entities. *See* Dkt. No. 20 at 2. While local government entities can be sued under 42 U.S.C. § 1983, a local government is only liable where injury is caused by the government's "policy or custom." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659 (1978). To establish *Monell* liability, a plaintiff must show "action pursuant to official municipal policy," including "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011). Local government entities "are not vicariously liable under § 1983 for their employees' actions" but can in certain circumstances be liable for failure to train. *Connick*, 563 U.S. at 61.

Plaintiff does not make any allegations that the alleged violations of her rights were committed according to policy with respect to her first, second, fourth, or fifth claims. *See* Dkt. No. 20 at 29–44. Thus, plaintiff's claims against local government entities with respect to her first, second, fourth, and fifth claims are dismissed.

Plaintiff's third claim is for failure to train, which can be a basis for *Monell* liability. However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61. To state a claim for failure to train, a plaintiff must allege facts showing that the "municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] came into contact.'" *Id.* (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)). Here, plaintiff does not allege any facts to support her failure to train claim, instead making conclusory recitations of the elements of a *Monell* claim. *See* Dkt. No. 20 at 38–39. Because plaintiff's allegations are "conclusory and unsupported by any facts," her claim is dismissed. *Mitchell v. Cty. of Contra Costa*, 600 F.Supp.3d 1018, 1032 (2022).

### C.     Claims Against Government Officials Under 42 U.S.C. § 1983

Plaintiff names three alleged government officials in her 42 U.S.C. § 1983 claims. Dkt. No. 20 at 2–3, 29–44. Plaintiff does not specify whether she brings suit against the officials in their individual or official capacities. To the extent plaintiff is attempting to bring suit against the officials in their official capacity, her suit is actually against the agencies they represent. *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Kentucky v. Graham*, 473 U.S. 159, 166–67. Those claims fail for the reasons described above. To the extent plaintiff is attempting to bring suit against the officials in their personal capacities, the Court analyzes her claims below.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." In his Order, Judge Hixson instructed plaintiff to amend her complaint such that each cause of action would include "specific factual allegations that connect each defendant with the alleged wrongdoing." Dkt. No. 7 at 3. The complaint must give each "defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (simplified). Plaintiff brings no specific allegations against Captain Maron to support her first, second, or fifth claim. She brings no specific allegations against Captain Sanford to support her first, second, or fifth claim. She brings no specific allegations against Ms. Baumgartner to support her second or fifth claim. Those claims are dismissed for failure to state a claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (noting a plaintiff must provide "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true").

The only allegation plaintiff brings against defendant Baumgartner for her first claim is that Baumgartner was in a supervisory position within the Sheriff's department and was "notified . . . that any eviction had to be called off . . . ." Dkt. No. 20 at 31. Plaintiff appears to be attempting to bring a claim against Baumgartner for supervisory liability. To state a claim for supervisory liability under § 1983, a plaintiff must allege that either (1) the supervisor was personally involved in the constitutional deprivation, or (2) there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir.

5

1    2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989)). Plaintiff has alleged neither.

2    Because plaintiff fails to allege either a that Baumgartner was personally involved in the deprivation

3    or sufficient causal connection between Baumgartner's conduct and the constitutional violation, this

4    claim is dismissed. *See id.*

5          For her fifth claim, plaintiff makes only conclusory allegations that each officer failed to

6    train police officers or sheriff's deputies. *See* Dkt. No. 20 at 38–39. These allegations are not

7    sufficient to support plaintiff's failure to train claim. *See Ray v. Saunders*, No. C 12-1280 YGR PR,

8    2012 WL 5341384, at *2 (N.D. Cal. Oct. 26, 2012) (noting plaintiff must "allege a 'specific policy'

9    or 'a specific event' instigated by [the supervisors] that led to the constitutional violations"). This

10   claim is dismissed.

11         Finally, plaintiff brings an excessive force claim against all three officials under the Fourth

12   Amendment, alleging that defendant Baumgartner "sanctioned use of lethal force against" plaintiff

13   and that defendants Maron and Sanford "threatened to arrest her and employ . . . various agents upon

14   Plaintiff if she attempted to intervene" or enter the residence. Dkt. No. 20 at 41. But plaintiff does

15   not allege any actual use of force against her. *Id.* Her excessive force claim therefore fails. *See*

16   *Battle v. Baalaer*, 536 Fed.Appx. 725, 726 (9th Cir. 2013) (affirming summary judgment where

17   plaintiff "failed to raise genuine dispute of material fact as to whether defendants used any physical

18   force against him").

19

20   ### III.    Plaintiff's State Law Claims

21         In addition to her federal claims, plaintiff brings state law claims for conversion, intentional

22   infliction of emotional distress, violation of the Unruh Civil Rights Act, and defamation. Dkt. No.

23   20 at 45–54. Because plaintiff's federal claims are without merit, the Court declines to exercise

24   supplemental jurisdiction over the state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S.

25   715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial ... the state claims should

26   be dismissed as well.").

27

28

**IV.  Defendant Watters's Motions**

Defendant Watters has made ten motions, several of which are duplicative.  Dkt. No. 6, 12, 13, 18, 19, 21, 32, 33, 34, 35.  Because the Court is dismissing plaintiff's claims, defendant's motions are denied as moot.

**CONCLUSION**

For the reasons discussed above, plaintiff's complaint is **DISMISSED** without prejudice. **Plaintiff shall file a second amended complaint on or before March 7, 2023. Failure to do so will result in the dismissal of the complaint WITH PREJUDICE.**

Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco.  You may request an appointment by emailing fedpro@sfbar.org or calling 415-782-8982. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of this District's Handbook for Litigants Without a Lawyer, which provides instructions on how to proceed at every stage of your case. The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

Because the complaint is dismissed, defendant Watters's motions are **DENIED** as moot.

**IT IS SO ORDERED**.

Dated: January 24, 2023

_____
SUSAN ILLSTON
United States District Judge

7